No. 24-12617-AA

# In the
# United States Court of Appeals
# for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

AARON ZAHN,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 3:22-CR-23-BJD-MCR-1

**UNITED STATES' MOTION FOR LEAVE TO EXCEED TYPE-VOLUME LIMITATION AND TO STAY BRIEFING SCHEDULE PENDING RULING ON THIS MOTION**

GREGORY W. KEHOE
United States Attorney

DAVID P. RHODES
Assistant United States Attorney
Chief, Appellate Division

EMILY C. L. CHANG
Assistant United States Attorney
Appellate Division
USA No. 166
400 W. Washington St., Ste. 3100
Orlando, FL 32801
(407) 648-7500

June 30, 2025

*United States v. Aaron Zahn*
No. 24-12617-AA

## Certificate of Interested Persons and Corporate Disclosure Statement

The following persons and entities have an interest in the outcome of this case:

1. Albritton, A. Brian, Esq.;

2. Altman, Jennifer G., Esq.;

3. Barksdale, Hon. Patricia D., United States Magistrate Judge (recused);

4. Birk, Edward L., Esq.;

5. Bray, Angela, former Special Assistant United States Attorney;

6. Breslow, Brandon K., Esq.;

7. Chang, Emily C. L., Assistant United States Attorney;

8. Citro, Vincent, Esq.;

9. City of Jacksonville;

10. Corsmeier, Arnold B., Assistant United States Attorney;

11. Cox Media Group Jacksonville, owner of WJAX-TV;

12. Davis, Hon. Brian J., United States District Judge;

13. Duva, Andrew Tysen, Assistant United States Attorney;

14. First Coast News, owned by Tegna, Inc. (ticker symbol: TGNA);

15. Florida Times-Union, owned by Gannett Co., Inc. (ticker symbol: GCI);

16. Foley & Lardner, LLP;

17. Fugate, Rachel E., Esq.;

18. Galeno, Maria T., Esq.;

19. Graham Media Group, Florida, Inc. (ticker symbol: GHC);

20. Granat, Sean B., Esq.;

21. Handberg, Roger B., former United States Attorney;

22. Howard, Hon. Marcia Morales, United States District Judge (recused);

23. Huck, Paul Courtney, Jr., Esq.;

24. JEA;

25. Jefferson, Raquel Ramirez, Esq.;

26. Kehoe, Gregory W., United States Attorney;

27. Lambert, Hon. Laura Lothman, United States Magistrate Judge (recused);

28. Lee-Johnson, Camille;

29. Mansfield, Jennifer A., Esq.;

30. McBride, Mitchell, Esq.;

31. Minchin, Minch, Esq.;

32. Minchin, Robert E., III, Esq.;

33. Nelson Mullins Riley & Scarborough, LLP;

34. Nixon Peabody LLP;

35. Pardo, David, Assistant United States Attorney;

36. Pestana, Diego M., Esq.;

37. Pillsbury Winthrop Shaw Pittman, LLP;

38. Pope, Marcia L., Esq.;

39. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

40. Richardson, Hon. Monte C., United States Magistrate Judge;

41. Salario, Samuel J., Jr., Esq.;

42. Shannon, Ann, former Special Assistant United States Attorney;

43. Slatten, Jessica, Esq.;

44. Suarez, Eduardo A., Esq.;

45. Sweeney, Sara C., former Acting United States Attorney;

46. Toomey, Hon. Joel B., United States Magistrate Judge;

47. Van Son, John R., Esq.;

48. Wedekind, Lee Dilly, III, Esq.; and

49. Zahn, Aaron, defendant-appellant.

# In the United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.                                                          No. 24-12617-AA

AARON ZAHN,
    *Defendant-Appellant*

## United States' Motion for Leave to Exceed Type-Volume Limitation and to Stay Briefing Schedule Pending Ruling on this Motion

The United States respectfully moves on the following grounds for leave to exceed by 10,000 words the type-volume limitation for principal briefs set forth in Fed. R. App. P. 32(a)(7)(B)(i), resulting in a brief of up to 23,000 words, and requests a stay of the briefing schedule and the establishment of a new due date for its principal brief of fourteen days after this Court rules on this motion:

    1.    This appeal follows an 8-day *Kastigar* hearing and 17-day trial. More than 18 witnesses testified at the *Kastigar* hearing, and more than 30 witnesses testified at trial. The record includes hundreds of exhibits, some of which are lengthy documents or long videos.

    2.    Zahn was convicted of conspiracy to steal municipal property and

commit wire fraud, in violation of 18 U.S.C. §§ 371, 666, 1343 (Count One); and wire fraud, in violation of 18 U.S.C. § 1343 (Count Two).

3. Facially, Aaron Zahn raises only four issues in his appellate brief—but each issue includes sub-issues, such that the appeal involves 14 discrete issues.

4. Zahn contends that his convictions for both counts rested on insufficient evidence that: (1) he schemed to obtain "property" (2) "by means of" misrepresentations (3) as part of a scheme to "defraud." He also argues that the United States failed to prove that he (1) "caused" the transmission of wires (2) "for the purpose of executing" his scheme to defraud.

5. For Count One, he further contends that the United States failed to prove that (1) the City received more than $10,000 from the federal government (2) in "benefits" under a federal assistance program and that (3) he was an agent of the City. He also contends that the district court impermissibly broadened the indictment by instructing the jury that it could convict upon finding that he was an agent of the JEA *or the City* when the indictment charged that "Zahn was an agent of *JEA*."

6. Zahn also takes issue with the court's jury instructions concerning the "property" that he schemed to fraudulently obtain and how the court defined the causation requirement under section 1343.

7. Moreover, Zahn argues that the court committed three legal errors—and that any single error warrants reversal—in denying his motion to dismiss the indictment on *Kastigar* grounds. *See Kastigar v. United States*, 406 U.S. 441 (1972). He argues that the court made impermissible assumptions in conducting its *Kastigar* analysis; failed to require the United States to prove how it built its case against Zahn; and impermissibly shifted the burden to Zahn. Zahn also asserts that the district court erred in conducting its harmlessness analysis and that the United States' record made it impossible to conduct such analysis.

8. To appropriately respond to the arguments raised by Zahn and address numerous complex issues, and to fulfill its responsibility to this Court, the United States must substantially exceed the word limit set forth in Fed. R. App. P. 32(a)(7)(B)(i). We do not make this request lightly. We recognize that Zahn's brief is 16,000 words, but to fully respond to his arguments and fulfill our obligation to this Court, our appellee's brief will require significantly more factual recitation and legal analysis. Our current draft brief, which is still in process, is being carefully edited, but it is still almost 23,000 words long. We will continue to endeavor to make the brief as concise as possible.

9. Opposing counsel does not object to an enlargement of 3,000 words (for a total of 16,000 words) but objects to the United States' request for

an enlargement of 10,000 words (for a total of 23,000 words).

Therefore, the United States respectfully requests that this Court grant it leave to exceed the type-volume limitation for its brief for plaintiff-appellee by 10,000 words, allowing it to file a brief of up to 23,000 words, and requests a stay of the briefing schedule and the establishment of a new due date for its principal brief of fourteen days after this Court rules on this motion.

                                      Respectfully submitted,

                                      GREGORY W. KEHOE
                                      United States Attorney

                                      DAVID P. RHODES
                                      Assistant United States Attorney
                                      Chief, Appellate Division

By:   *s/ Emily C. L. Chang*
       EMILY C. L. CHANG
       Assistant United States Attorney
       Appellate Division
       USA No. 166
       400 W. Washington St., Ste. 3100
       Orlando, FL 32801
       (407) 648-7500
       emily.chang@usdoj.gov

**Certificate of Compliance with Type-Volume Limitation**

This motion, which contains 688 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

USCA11 Case: 24-12617 Document: 41 Date Filed: 06/30/2025 Page: 9 of 10

## Certificate of Service

I certify that on June 30, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

SAMUEL J. SALARIO, JR., ESQ.
*Counsel for Aaron Zahn*

*s/ Emily C. L. Chang*
EMILY C. L. CHANG
Assistant United States Attorney