No. 24-12617
_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AARON ZAHN,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 3:22-CR-00023-BJD-MCF

**RESPONSE IN OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATION AND TO STAY BRIEFING SCHEDULE PENDING RULING**

*USA v. Zahn*
No. 24-12617

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Counsel for Appellant Aaron Zahn certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3:

1. Albritton, A. Brian

2. Allen, Andy

3. Bray, Angela

4. Breslow, Brandon Kyle

5. Campion, John

6. Chang, Emily

7. City of Jacksonville, Florida

8. City of Jacksonville, Council Auditor's Office

9. City of Jacksonville, Office of General Counsel

10. Cline, John D.

11. Corsmeier, Arnold B.

12. Creed & Gowdy

13. Davis, Brian J., Hon.

14. Dykes, Melissa

15. Duva, Tysen

16. Green, April

17. Felman, James E.

18. Flanagan, Kelly

19. Foley & Lardner LLP

20. Gowdy, Bryan

21. Granat, Sean Bryan

22. Howard, Alan

23. Huck, Paul C., Jr.

24. Jacksonville Electric Authority

25. Jefferson, Raquel Ramirez

26. Johnson, Camille-Lee

27. Kynes, Markman & Felman, P.A.

28. Law Office of John D. Cline

29. Lawson Huck Gonzalez, PLLC

30. Licandro, Catherine M.

31. McBride, Mitchell

32. Minchin III, Robert E.

33. Murphy, Niels P.

34. Nelson, Mullins, Riley & Scarborough, LLP

35. Newbill, Fredrick, Rev.

36. Nixon Peabody LLP

37. Pardo, David

38. Pestana, Diego M.

39. Pillsbury Wintrhop Shaw Pittman, LLP

40. Phelps Dunbar LLP

41. Richardson, Monte E., Hon.

42. Salario, Jr., Samuel J.

43. Shannon, Ann

44. Slatten, Jessica

45. Suarez, Eduardo A.

46. The Suarez Law Firm, P.A.

47. United States Attorney's Office, Middle District of Florida

48. Vinyard, Herschel T.

49. Wannemacher, Ryan

50. Wedekind, III, Lee Dilly

51. Yanes, Katherine Earle

52. Zahn, Aaron\

No publicly traded company or corporation has an interest in the outcome of this appeal.

# RESPONSE IN OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATION AND TO STAY BRIEFING SCHEDULE PENDING RULING

Three weeks before filing his principal brief, Defendant-Appellant Aaron Zahn moved for a word-limit extension for substantially the same reasons the government seeks one. After he timely filed a roughly 20,000-word principal brief that noted his motion for an extension was pending, the Court rendered an order—which the government omits to mention—limiting the brief to 16,000 words and requiring an amended brief reduced to that limit. Because it would substantially prejudice Mr. Zahn for the government to have 7,000 more words—a 44-percent longer brief—Mr. Zahn respectfully opposes its Motion for Leave to Exceed the Type-Volume Limitation and to Stay Briefing Schedule Pending Ruling (DE 41) in accord with 11th Cir. R. 27-1 and 32-4. Mr. Zahn responds as follows:

1.  On January 21, 2025, Mr. Zahn moved to exceed the word limit on his principal brief. DE 21. Like the government's motion here, Mr. Zahn's motion emphasized the size of the record, the length of the pre-trial *Kastigar* hearing, the length of the trial, the complexity of the legal issues, and the difficulty of distilling the relevant facts, procedural history, and legal arguments into a brief of only 13,000 words. *Id.* at 1–2. Mr. Zahn requested permission to file a principal brief not to exceed 20,000 words. *Id.* at 3.

1

2. Three weeks later, on February 11, 2025, Mr. Zahn filed a principal brief containing 19,520 words in accord with a Court order setting that deadline. *See* DE 24, DE 25 at 86. Because the Court had not ruled on Mr. Zahn's motion for a word-limit extension, he explained in his certificate of compliance that the motion remained pending. DE 25 at 86.

3. Three weeks after Mr. Zahn filed his principal brief, on March 4, 2025, the Court rendered an order denying Mr. Zahn's motion for a word-limit extension in relevant part, granting it in part, and directing Appellant to "file an amended brief within 14 days of this order that does not exceed 16,000 words." DE 30 at 2. In sum, it permitted a 3,000-word extension of the 13,000-word limit normally applicable under Fed. R. App. P. 32(b)(7)(B).

4. On March 18, 2025, Mr. Zahn filed an amended brief of 15,989 words in accord with the Court's order. DE 34 at 73. That required making difficult judgments—in an appeal from a criminal judgment and 48-month sentence—about the facts, procedural points, and legal arguments that had to be reduced or cut from a longer brief.

5. The government seeks to file a response brief of 23,000 words—10,000 words over the limit. DE 41. The government cites the same bases as Mr. Zahn did when he moved for a word-limit extension—the size of the record, the

complexity of legal issues, the length of the *Kastigar* hearing and trial, and the difficulty of distilling the necessary legal arguments. *Id.* at 1–3.

6. If granted, the government's brief would exceed Mr. Zahn's by over 7,000 words, giving it 44-percent more words or, put differently, a brief that is 1.44 times longer than the amended brief Mr. Zahn filed in accord with the Court's order. The advantage that would grant the government in terms of opportunities opportunity develop facts and presenting arguments that Mr. Zahn was not provided would substantially prejudice Mr. Zahn.

7. Although the government notes that "Mr. Zahn's brief is 16,000 words," it omits to disclose the important context that this resulted from a decision by the Court about the word limit—not a choice by Mr. Zahn—and that Mr. Zahn had to cut his brief down to comply. DE 41 at 3. The government's effort to justify the prejudice its request would cause Mr. Zahn under those circumstances—an assertion that to "fully respond" it wants "significantly more factual recitation and legal analysis" than Mr. Zahn was authorized to provide—lacks merit. *Id*. Mr. Zahn sought more words because he believed, like the government, that presenting his issues required "more factual recitation and legal analysis" as well. The Court's ruling on the word-limit for Mr. Zahn's brief should apply equally to the government, which should not receive a greater opportunity to present its appellate arguments than Mr. Zahn had.

3

8. Mr. Zahn takes no position the government's request for a 14-day stay of the briefing schedule and a new due date for its response brief but respectfully notes that the government has had notice since the Court's order of March 4 that 16,000 words was a reasonable and predictable limit for its response brief.

Accordingly, Mr. Zahn respectfully requests that the Court deny the government's request for a 10,000-word extension and allow the government to file a brief no longer than 16,000 words—the same limit applied to Mr. Zahn.

Dated:  July 2, 2025                    Respectfully submitted,

By:  */s/ Samuel J. Salario, Jr.*
PAUL C. HUCK, JR.
SAMUEL J. SALARIO, JR.
JESSICA SLATTEN
ROBERT E. MINCHIN III
Lawson Huck Gonzalez, PLLC
1700 South MacDill Avenue, Suite 240
Tampa, FL 33629
(850) 825-4334
paul@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
jessica@lawsonhuckgonzalez.com
bob@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

*Counsel for Defendant-Appellant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion for extension of time complies with the word limit for motions of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this response contains 813 words.

Dated: July 2, 2025  By: */s/ Samuel J. Salario, Jr.*
                          Samuel J. Salario, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ *Samuel J. Salario, Jr.*
Samuel J. Salario, Jr.