No. 24-12617
_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

AARON ZAHN

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. 3:22-CR-00023-BJD-MCF

---

**MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATION FOR APPELLANT'S REPLY BRIEF AND TO STAY BRIEFING SCHEDULE PENDING RULING**

---

*USA v. Zahn*
No. 24-12617

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Counsel for Appellant Aaron Zahn certifies that the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3:

1. Albritton, A. Brian
2. Allen, Andy
3. Bray, Angela
4. Breslow, Brandon Kyle
5. Campion, John
6. Chang, Emily
7. City of Jacksonville, Florida
8. City of Jacksonville, Council Auditor's Office
9. City of Jacksonville, Office of General Counsel
10. Cline, John D.
11. Corsmeier, Arnold B.
12. Creed & Gowdy
13. Davis, Brian J., Hon.
14. Dykes, Melissa
15. Duva, Tysen

16. Green, April

17. Felman, James E.

18. Flanagan, Kelly

19. Foley & Lardner LLP

20. Gowdy, Bryan

21. Granat, Sean Bryan

22. Howard, Alan

23. Huck, Paul C., Jr.

24. Jacksonville Electric Authority

25. Jefferson, Raquel Ramirez

26. Johnson, Camille-Lee

27. Kynes, Markman & Felman, P.A.

28. Law Office of John D. Cline

29. Lawson Huck Gonzalez, PLLC

30. Licandro, Catherine M.

31. McBride, Mitchell

32. Minchin, Robert E., III

33. Murphy, Niels P.

34. Nelson, Mullins, Riley & Scarborough, LLP

35. Newbill, Fredrick, Rev.

36. Nixon Peabody LLP

37. Pardo, David

38. Pestana, Diego M.

39. Pillsbury Wintrhop Shaw Pittman, LLP

40. Phelps Dunbar LLP

41. Richardson, Monte E., Hon.

42. Salario, Samuel J., Jr.

43. Shannon, Ann

44. Slatten, Jessica

45. Suarez, Eduardo A.

46. The Suarez Law Firm, P.A.

47. United States Attorney's Office, Middle District of Florida

48. Vinyard, Herschel T.

49. Wannemacher, Ryan

50. Wedekind, Lee Dilly, III

51. Yanes, Katherine Earle

52. Zahn, Aaron

No publicly traded company or corporation has an interest in the outcome of this appeal.

## MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATION FOR APPELLANT'S REPLY BRIEF AND TO STAY BRIEFING SCHEDULE PENDING RULING

The Government's nearly 23,000-word response brief in this complex criminal appeal—involving novel theories of property fraud, expansive *Kastigar* violations, and a massive record—gives it a significant and unfair advantage that requires restoring the balance. Therefore, Defendant-Appellant Aaron Zahn, currently incarcerated, respectfully requests an 8,000-word extension for his reply brief, for a total of 14,500 words, which will provide him with total words corresponding exactly to the ratio in Fed. R. App. P. 32(a)(7). Mr. Zahn also requests that the Court stay the due date for his reply brief until 14 days after this motion is decided, should the reply brief otherwise come due before then.

***The unusual proceedings on word-limit extensions in this appeal have given the Government an unfair advantage in briefing.***  This is a complex appeal on an enormous record. It follows a four-week jury trial centered on detailed facts about a long-term employee benefits plan, an eight-day pretrial *Kastigar* hearing, 338 documentary trial exhibits in the multiple thousands of pages, additional video trial exhibits (some multiple hours long), and over 500 docket entries in the District Court. The legal issues include the government's novel (if not unprecedented) theory of property fraud, the government's novel (if not unprecedented) theories on the jurisdictional hooks of 18 U.S.C. §§ 666(a) and

1343, and the government's securing its indictment by making use of *Garrity*-immunized material on an expansive scale. (*See* DE 25 at 43-85).

Considering the issues and the size of the record, on January 21, 2025, Mr. Zahn moved for a word-limit extension of 7,000 words for his principal brief, for a total of 20,000 words. (DE 21). Mr. Zahn and his counsel believed an even longer brief was warranted, and would have made use of it, but were unaware of circumstances in which a larger extension has been granted and did not believe a request for a larger extension would receive favorable consideration.

The Court had not ruled on Mr. Zahn's motion for a word-limit extension when his principal brief came due three weeks later, on February 11, 2025. So Mr. Zahn timely filed a nearly 20,000-word brief and explained in his certificate of compliance that his motion was still pending. (*See* DE 25 at 86).

Three weeks later, on March 4, 2025, the Court denied Mr. Zahn's motion in part, limited his principal brief to 16,000 words (4,000 less than he requested), and directed him to file an amended brief reduced to that limit within 14 days. (DE 30 at 2). This required Mr. Zahn and his counsel to devote significant additional time to make extremely difficult judgments regarding the content of the principal brief, after having already served it on the government three weeks prior. Mr. Zahn timely filed his amended principal brief on March 18, 2025. (*See* DE 34).

The government likewise sought additional words for its response brief. (DE 41). But rather than seeking the same 3,000-word extension the Court granted Mr. Zahn, the government sought to "substantially exceed the word limit"—by 10,000 words, for a total of 23,000 words. (*Id.* at 3). It cited the same bases as Mr. Zahn had when he moved for an extension—the size of the record, the "numerous complex" legal issues, the length of the trial and pretrial *Kastigar* hearing, and the difficulty of distilling the necessary arguments. (*Id.* at 1–3). For his part, Mr. Zahn opposed an extension of more than 3,000 words and requested that the government receive the same 16,000 words he had been permitted. (DE 42 at 3).

The Court did not rule on the government's motion before its brief (already on extension) came due on July 16, 2025. (DE 39). But the Government did not timely file its brief. (*See* DE 38, 39). On July 31, 2025, however, the Court granted the Government's motion for a 10,000-word extension and gave the Government 14 days to file its brief. (*See* DE 43). To facilitate that, the Court did something neither the government nor Mr. Zahn had requested: On its own motion, the Court vacated its January 21 order requiring Mr. Zahn to prepare and file an amended, 16,000-word brief, reconsidered his motion to extend the word-limit, and accepted his original principal brief as his principal brief in this appeal. (*See id.*).

The Government filed its brief on August 14, 2025. (DE 45). Despite its assertion in its motion to extend the word limit that it would "endeavor to make the brief as concise as possible," (DE 41 at 3), the brief clocks in at 22,980 words.

The Government has gained a significant and unfair advantage. In an appeal where word limits are not extended, the appellant receives 19,500 words allocated between the principal and reply briefs, and the appellee receives 13,000 words in a single answer brief, a ratio of 3:2. *See* Fed. R. App. P. 32(b)(7)(B)(i)-(ii). This affords the appellant approximately 34% more words than the appellee (which makes sense because it's the appellant's burden to show entitlement to relief).

Here, though, if Mr. Zahn receives no extra words for his reply brief, he will have only 13% more words than the Government (26,500 total compared to the Government's 23,000). To remedy the word-count disparity, Mr. Zahn requires an 8,000-word extension for his reply brief, for a total of 14,500 words. Granting Mr. Zahn 34,500 total words compared to the Government's 23,000 restores the rules-based grant of 34% more words (a 3:2 ratio) to the appellant.

***An 8,000-word extension is necessary to fully and fairly reply to the Government's response brief.*** This case centers on a novel theory of property fraud in a lengthy trial that followed a *Kastigar* proceeding longer than most trials. Under these unique circumstances, an 8,000-word extension ensures that Mr. Zahn can fully and fairly reply to the Government's brief. Uncharacteristic of other

4

appeals, the government's substantially lengthier brief has enabled it to make assertions about the record that require a precise, record-based response in the reply brief. And it has enabled the government to address the legal issues in a way it would have been unable to absent its disproportionately longer brief.

When the government sought its extension of the word-limit, it conceded—as the docket and principal briefs show—that the record is huge and the factual and legal issues are complex. Yet having been permitted to file an out-of-proportion answer brief, the government now objects to a proportionate enlargement of the reply brief by 8,000 words (for a total of 14,500 words) and will consent only to an enlargement of 5,000 words (for a total of 11,500 words).

The government should not be permitted to garner this strategic advantage. On the unusual procedural history of this appeal and under the conceded complex circumstances of this case, it would be severely inequitable for the Government to receive substantially more process than the incarcerated appellant it opposes. Accordingly, Mr. Zahn asks the Court to grant him an 8,000-word extension for his reply brief, for a total of 14,500 words. To mirror the process that the Government received while awaiting the Court's ruling on how many words it would be allowed, Mr. Zahn further requests that if his reply brief comes due before 14 days after the Court rules on the word limit extension, the Court stay the deadline for the reply until 14 days after that decision.

5

Dated: September 3, 2025	Respectfully submitted,

By:	*/s/ Samuel J. Salario, Jr.*
PAUL C. HUCK, JR.
SAMUEL J. SALARIO, JR.
JESSICA SLATTEN
ROBERT E. MINCHIN III
Lawson Huck Gonzalez, PLLC
1700 South MacDill Avenue
Suite 240
Tampa, FL 33629
(850) 825-4334
paul@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
jessica@lawsonhuckgonzalez.com
bob@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

*Counsel for Defendant-Appellant*

6

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the word limit for motions of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this motion contains 1,242 words.

Dated: September 3, 2025　　　　　By:　*/s/ Samuel J. Salario, Jr.*
　　　　　　　　　　　　　　　　　　　　Samuel J. Salario, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:　*/s/ Samuel J. Salario, Jr.*
　　　Samuel J. Salario, Jr.